IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| NAKOMIS JONES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:10-cv-02837-STA-tmp |
| | ) |
| JIM MORROW, | ) |
| | ) |
| Respondent. | ) |

## ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT AND DENYING MOTION TO APPOINT COUNSEL

Before the Court is a Motion for Relief From Judgment (ECF No. 34) filed on September 29, 2015 by Petitioner Nakomis Jones, Tennessee Department of Correction ("TDOC") prisoner number 259788, an inmate at the Hardeman County Correctional Facility ("HCCF") in Whiteville, Tennessee. Respondent Jim Morrow has filed a response in opposition (ECF No. 35), and Jones has filed what amounts to a reply brief styled as a memorandum of points and authorities (ECF No. 38). For the reasons set forth below, Jones's Rule 60(b) Motion is **DENIED**.

### BACKGROUND

The Court entered an order dismissing Jones's *pro se* petition pursuant to 28 U.S.C. § 2254 on February 4, 2014. The Court's order of dismissal exhaustively set out the full procedural history of Jones's underlying criminal case and motions for post-conviction relief before the Tennessee state courts. As such, the Court need not review the complete background of Jones's case here. The Court held that Jones was not entitled to relief as to any of the eight

issues raised in his habeas petition. Specifically, the Court held in its order of dismissal that Jones's claims in grounds two, seven, and eight were procedurally defaulted. In ground two, Jones argued that "the trial court erred by refusing to allow him to impeach Kevin Wiseman with prior bad acts pursuant to Tennessee Rule of Evidence 608."[1] The Court held that a claim concerning a violation of the Tennessee Rules of Evidence was not cognizable in a federal habeas proceeding and that Jones "did not exhaust Issue 2 in state court as a federal constitutional issue." Therefore, Jones's claim in ground two was barred by procedural default.[2]

In grounds seven and eight, Jones asserted that counsel was ineffective for failing to raise on appeal the trial court's denial of his motion to suppress and the issue of the trial court's comment about Jones' subpoena power.[3] The Court held that Jones had not presented these claims to the Tennessee Court of Criminal Appeals in the post-conviction appeal and had therefore procedurally defaulted them. The Court explained that a petitioner cannot claim ineffective assistance of counsel in state post-conviction relief proceedings because there is no constitutional right to counsel in such proceedings. In other words, the petitioner "bears the risk of attorney error."[4] Notably, the Court explained the Supreme Court's decision in *Martinez* did not alter its conclusion. *Martinez* held that "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance of counsel if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."[5] The Court found *Martinez* inapplicable in Jones's case because Jones had counsel in his post-

---

[1] Order Dismissing Habeas Petition 22, Feb. 5, 2014 (ECF No. 26-1).

[2] *Id.* at 24.

[3] *Id.* at 9.

[4] *Id.* at 49.

2

conviction proceedings and "[t]he procedural default occurred when post-conviction counsel exercised his discretion to limit the brief to the Tennessee Court of Criminal Appeals to the strongest arguments." Therefore, Jones's claims in grounds seven and eight were procedurally defaulted.

On March 4, 2014, Jones filed a notice of appeal, which was construed as an application for a certificate of appealability. On October 3, 2014, the United States Court of Appeals for the Sixth Circuit denied Jones a certificate of appealability (ECF No. 31). In its order, the Sixth Circuit held that "reasonable jurists would not disagree with the district court's procedural ruling" that Jones' claim in ground two was not cognizable on federal habeas review and therefore was procedurally defaulted. Likewise, the Court of Appeals held that "reasonable jurists could not debate the district court's conclusions that grounds seven and eight were barred from habeas review" because Jones had not raised in the issues in his post-conviction appeal. As a result, the Sixth Circuit denied Jones a certificate of appealability as to these issues.

In his Motion for Relief From Judgment, Jones now argues that an intervening change in law entitles him to reconsideration of the Court's judgment as to grounds two, seven, and eight. According to Jones, the United States Supreme Court's decisions in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013) have rendered the Court's judgment "void" and constitute an extraordinary circumstance warranting relief from judgment under Rule 60(b)(6). In his response in opposition, Respondent contends that a change in decisional law is not enough to entitle a movant to relief under Rule 60(b)(6).

---

[5] *Id.*

## STANDARD OF REVIEW

Rule 60(b) of the Federal Rules of Civil Procedure provides that parties may file a motion to alter or amend a judgment at any time after entry of that judgment.[6] Rule 60(b) permits a court to relieve a party from a final judgment, order, or proceeding under the following limited circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.[7] Generally, Rule 60(b) relief must be "circumscribed by public policy favoring finality of judgments and termination of litigation."[8] "A party requesting relief under Rule 60(b)(6) must show "extraordinary circumstances" justifying the reopening of a final judgment, and such circumstances rarely occur in habeas cases."[9] An intervening change "in decisional law is usually not, by itself, an extraordinary circumstance meriting Rule 60(b)(6) relief."[10]

---

[6] Fed. R. Civ. P. 60(b).

[7] *Id.*

[8] *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012).

[9] *Abdur'Rahman v. Carpenter*, 805 F.3d 710, 713–14 (6th Cir. 2015) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

[10] *Id.* (quoting *Henness v. Bagley,* 766 F.3d 550, 557 (6th Cir. 2014)).

## ANALYSIS

Jones has failed to show why he is entitled to relief under Rule 60(b). Jones relies on *Martinez* and *Trevino* to support his claim for relief from a final judgment. As the Court explained in its order of dismissal, *Martinez* held that "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance of counsel if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."[11] "In *Trevino*, the Supreme Court expanded the *Martinez* exception to apply where, although state procedural law does not expressly prohibit a defendant from raising an ineffective-assistance claim on direct appeal, the state's 'procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal.'"[12]

Although the *Martinez-Trevino* exception applies in Tennessee cases,[13] the exception does not apply in Jones's case. Since Jones filed his Rule 60(b) Motion, the Sixth Circuit has held that *Martinez* was "a change in decisional law and does not constitute an extraordinary circumstance meriting Rule 60(b)(6) relief."[14] Jones' Motion must be denied for this reason alone. Even if Jones could show that under the facts of his case *Martinez-Trevino* is the kind of

---

[11] Order Dismissing Habeas Petition 49.

[12] *West v. Carpenter*, 790 F.3d 693, 697–98 (6th Cir. 2015) (quoting *Trevino v. Thaler*, 133 S. Ct. 1911, 1921 (2013)).

[13] *Id.* (citing *Sutton v. Carpenter,* 745 F.3d 787, 795–96 (6th Cir. 2014) ("Because Tennessee's procedural framework directs defendants to file ineffective-assistance claims in post-conviction proceedings rather than on direct appeal, we have held that the *Martinez–Trevino* exception to *Coleman* applies in Tennessee cases.").

[14] *Abdur'Rahman*, 805 F.3d at 714 (citing *Henness v. Bagley,* 766 F.3d 550, 557 (6th Cir. 2014)).

extraordinary circumstance to support Rule 60(b)(6) relief, the Court holds that *Martinez-Trevino* affords him no relief on the merits of his claims. The issue presented in ground two, the trial court's evidentiary ruling that blocked Jones from introducing other acts evidence, is not an ineffective assistance claim. "*Martinez* applies only to claims of ineffective assistance of trial counsel, not trial errors or claims of ineffective assistance of appellate counsel."[15] *Martinez-Trevino* does not reach Jones's claim of trial error in ground two. Furthermore, the default as to grounds seven and eight in Jones' post-conviction proceedings happened when Jones failed to appeal the issues to the Tennessee Court of Criminal Appeals. "Although this failure may have been the product of attorney error, attorney error at state post-conviction appellate proceedings cannot excuse procedural default under the *Martinez–Trevino* framework."[16] The Court holds then that Jones has not shown why relief under Rule 60(b)(6) is warranted in this case. Therefore, Jones's Motion is **DENIED**.

Having determined that Jones is not entitled to relief from judgment, his Motions to Appoint Counsel (ECF No. 34, 37) are **DENIED** as moot.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: August 31, 2016.

---

[15] *Id.* at 716 (citing *Martinez,* 132 S. Ct. at 1320).

[16] *West*, 790 F.3d at 699 (citation omitted).